Donna Jo Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 3668-70 SC.
United States Tax Court
T.C. Memo 1971-51; 1971 Tax Ct. Memo LEXIS 281; 30 T.C.M. (CCH) 226; T.C.M. (RIA) 71051; March 25, 1971, Filed. *281 Held, section 152, I.R.C. 1954, does not contravene any constitutional guarantee secured to petitioner under the Ninth Amendment to the Constitution of the United States. Donna Jo Campbell, pro se, 2809 Folsom Lane, Bowie, Md. R. S. Erickson, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: This case was heard by Commissioner John H. Sacks at the trial session of small tax cases held in Washington, D.C., in December 1970. The case was later reassigned by the Chief Judge to me because the petitioner raised a constitutional question. Respondent determined a deficiency in the income tax of petitioner for *282 the taxable year 1967 in the amount of $205.92. The only question presented for decision is whether section 152 of the Internal Revenue Code of 1954 violates the edict of the Ninth Amendment to the Constitution of the United States. The parties have agreed that if the Court sustains the constitutionality of section 152, then the deficiency as determined by respondent is correct. Most of the relevant facts have been stipulated, and they are so found. Donna Jo Campbell (hereinafter called petitioner) is an individual, who at the time 227 of the filing of her petition herein, resided in Bowie, Maryland. Her Federal income tax return for the calendar year 1967, the year at issue, was filed with the district director of internal revenue at Baltimore, Maryland. Petitioner is the mother of two minor children - Donald Joseph, a boy born August 13, 1958, and Jean Katherine, a girl born June 22, 1960. She and her former husband, Walter V. Kolon, were divorced in 1964 and, subsequent to the divorce, both of the children - Donald Joseph and Jean Katherine - remained in the custody of, and resided with, petitioner. Pursuant to an agreement between petitioner *283 and Walter V. Kolon, he was to provide $250 per month for the support and maintenance of the two children. During the year 1967 Walter V. Kolon did provide this $250 per month, or a total of $3,000 for the year, for the support and maintenance of Donald Joseph and Jean Katherine, and this sum was expended for their support and maintenance. The total support for Donald Joseph in 1967 was $2,033 and the total support for Jean Katherine in the same year was also $2,033. Petitioner did not provide over half the total support for either Donald Joseph or Jean Katherine during the year 1967. It is petitioner's position that section 152 of the Internal Revenue Code of 1954 contravenes the Ninth Amendment to the Constitution of the United States. In essence, she asserts that section 152 has forced the Internal Revenue Service to interject itself into - and become a negative force in complicating - the unpleasant personal, domestic affairs of taxpayers. The Ninth Amendment, apparently designed to insure protection of the people from an overbearing Government, provides: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage *284 others retained by the people. Under the Sixteenth Amendment to the Constitution the Federal Government is given the power to lay and collect taxes on incomes from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration. That the Federal Government is thus empowered to levy a tax on gross income (i.e., income not subject to any kind of deduction) is no longer seriously open to question. This being so, all deductions from gross income in arriving at net income (i.e., that income subject to tax) are matters of legislative grace. New Colonial Ice Co.,inc. v. Helvering, 292 U.S. 435 (1934). One of the allowable deductions is that pursuant to sections 151 and 152 of the Internal Revenue Code of 1954. Section 151 permits a deduction for personal exemptions and those of dependents. Section 152 defines the term "dependent." This Court has previously held that nothing contained in sections 151 and 152 is repugnant to the Constitution. See and compare Allen F. Labay, 55 T.C. 6, 14 (1970), on appeal (C.A. 5). Although we do not doubt the sincerity of petitioner's beliefs or arguments, they are *285 legally unsound. The power to levy a tax and concomitantly the power to determine how such tax will be computed is within the power given the Congress under the Sixteenth Amendment. See Brushaber v. Union P.R. Co., 240 U.S. 1 (1916). And we think it is clear that the exercise by Congress of that power, in enacting section 152, does not contravene any constitutional guarantee secured to this petitioner under the Ninth Amendment. Decision will be entered for the respondent.